UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| GUADALUPE APARICIO, § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> § <br> SMITH COUNTY MUNICIPAL UTILITY § <br> DISTRICT NO. 1 AKA EAST TEXAS § <br> MUNICIPAL UTILITY DISTRICT, LANE § <br> THOMPSON, DAVID HAIR, MICHAEL § <br> DANAPAS, WILLIAM SNIDER, RITA KLINE, § <br> AND CHARLES GARRETT § <br> § <br> § <br> **Defendants** § | Case No: <br><br> Judge: |

## COMPLAINT

**NOW COMES** GUADALUPE APARICIO, Plaintiff, by and through her attorneys of record, complaining of SMITH COUNTY MUNICIPAL UTILITY DISTRICT NO. 1 AKA EAST TEXAS MUNICIPAL UTILITY DISTRICT, LANE THOMPSON, DAVID HAIR, MICHAEL DANAPAS, WILLIAM SNIDER, RITA KLINE and CHARLES GARRETT and allege and represent for her Complaint as follows:

### I.  INTRODUCTION

1. This is an action under 42 U.S.C. Sections 1981, 1983 and 1985, the U.S. Constitution, the Texas Constitution, and state law, for civil rights and other law violations perpetrated upon Plaintiff by Defendants via the egregious abuse and misuse of governmental power through unconstitutional, illegal, and arbitrary actions in the without-cause termination of Plaintiff's employment with East Texas Municipal Utility District.

2. Plaintiff seeks declaratory relief, reinstatement, back pay, and money damages for injuries sustained by Plaintiff, and for exemplary damages, and reasonable attorney's fees and costs against the Defendants.

## II.  PARTIES AND SUBJECT MATTER

3. Plaintiff GUADALUPE APARICIO is an individual residing in Smith County, Texas.

4. Defendant SMITH COUNTY MUNICIPAL UTILITY DISTRICT NO. 1 AKA EAST TEXAS MUNICIPAL UTILITY DISTRICT ("ETMUD") is a political subdivision of the State of Texas, and is sued through its Board of Directors. Service of process may be accomplished by serving the Chairman of the Board, William Snider, at 12162 Hwy 155N. Tyler, Texas, 75708 or wherever he may be found.

5. Defendant LANE THOMPSON is the General Manager of ETMUD and is sued in both his official and individual capacities. Service of process may be had at ETMUD, 12162 Hwy 155N. Tyler, Texas, 75708, or wherever he may be found.

6. Defendant DAVID FAIR is a supervisor at ETMUD and is sued in both his official and individual capacities. Service of process may be had at ETMUD, 12162 Hwy 155N. Tyler, Texas, 75708, or wherever he may be found.

7. Defendant MICHAEL DANAPAS is a member of the Board of Directors and is sued in both his official and individual capacities. Service of process may be had at ETMUD, 12162 Hwy 155N. Tyler, Texas, 75708, or wherever he may be found.

8. Defendant WILLIAM SNIDER is the Chairman of the Board of Directors and is sued in both his official and individual capacities. Service of process may be had at ETMUD, 12162 Hwy 155N. Tyler, Texas, 75708, or wherever he may be found.

9. Defendant RITA KLINE is a member of the Board of Directors and is sued in both her official and individual capacities. Service of process may be had at ETMUD, 12162 Hwy 155N. Tyler, Texas, 75708, or wherever she may be found.

10. Defendant CHARLES GARRETT is a member of the Board of Directors and is sued in both his official and individual capacities. Service of process may be had at ETMUD, 12162 Hwy 155N. Tyler, Texas, 75708, or wherever he may be found.

### III.   JURISDICTION AND VENUE

11. The Court has subject matter jurisdiction under 28 U.S.C. §1343 — deprivation of civil rights, privilege and immunities, 42 U.S.C. Sec. 1981 - race and national origin discrimination; 42 U.S.C. Sec. 1983 – deprivation of civil rights, 42 U.S.C. Sec. 1985 – conspiracy, and 28 U.S.C. §1331 – federal question for civil actions arising under the Constitution and laws of the United States. The Court has pendent and supplemental / ancillary jurisdiction for the state law claims.

12. Pursuant to 28 U.S.C. § 1391(b)(1) and (2), venue is proper in the Eastern District of Texas because the Defendants reside, and/or have their principal office and /or place of business, and are subject to this Court's personal jurisdiction under the civil causes of action asserted herein, and all of the events and omissions have occurred in the Eastern District of Texas.

### IV.   THE FACTS

13. Plaintiff Guadalupe Aparicio ("Aparicio") is an Hispanic female. She was a long-time, faithful employee of ETMUD, having worked there for over 16 years. She served most recently for years as the office manager.

14. Aparicio had an excellent work history at ETMUD. Until August, 2019, she had a perfect employment record, and was a highly valued and high-achieving employee of ETMUD, having

received over the years many raises and compliments by customers and supervisors alike for her excellent work and customer service.

15.     In August, 2019, and in the months leading up to that time, however, three matters arose which caused Ms. Aparicio to get wrongfully terminated from her job at ETMUD.

16.     First of all, on or about late July, 2019, Ms. Aparicio, along with other ETMUD employees, overheard her supervisor Defendant David Hair, complaining about Hispanic customers, and stating that they should go back to where they came from. Ms. Aparicio was offended by those comments made by her supervisor and approached Board Member Michael Danapas who was working in the ETMUD office at the time. Aparicio started to explain to him what had happened, and Danapas said, "Oh no, you need to talk to Lane (Thompson – the General Manager) about that". Ms. Aparicio then went to Lane Thompson, and explained what happened. Instead of counseling with Mr. Hair about his inappropriate conduct, or taking other action, Thompson did not take the complaint seriously. Within a few days after reporting Mr. Hair's comment, an incident occurred at work, with Mr. Thompson standing over Ms. Aparicio and yelling at her over what to do about errors in documentation by meter readers that was found by Ms. Aparicio. This resulted in Ms. Aparicio becoming upset and asking to go home. Mr. Thompson eventually told her to go home on administrative leave. Ms. Aparicio was not allowed to return to work. Mr. Thompson got together with Mr. Hair and the Board of Directors, and they decided to fire Ms. Aparicio without any notice or hearing. Ms. Aparicio received written notice on August 14, 2019 that she was terminated from employment, allegedly for cause pursuant to the Employee Policy Manual covering employees.

17.     Such termination was in retaliation for Ms. Aparicio raising the concern about discriminatory comments made by a supervisor. The reason given for termination was that, "[o]ver

the past approximately two years and especially August 1st, Ms. Aparicio had "consistently and repeatedly exhibited conduct toward [Lane Thompson] that is rude, disrespectful, disruptive, and unequivocally insubordinate." These allegations were conclusory and not backed up by allegations of specific facts. The reasons for termination were merely pretext for the retaliatory motive.

18.  Secondly, months prior to this incident, Ms. Aparicio was advised by Mr. Thompson that ETMUD wanted to build a sewage line through property owned by Ms. Aparicio and her family. This proposed sewage line was not currently a part of ETMUD's territory of responsibility for water / sewer service. Aparicio explained to Mr. Thompson that she and her family would not agree to any such line going through their property. Thompson was visibly exasperated and angry that she would not agree to the proposed line through her and her family's land. Mr. Thompson's attitude toward Ms. Aparicio changed. At one point, Mr. Thompson angrily told Ms. Aparicio that he was going to drive a 16 inch sewage line right through the middle of her property.

19.   Thirdly, ETMUD is in a lawsuit with its prior General Manager, Mr. Vice. Mr. Vice left employment at ETMUD, but arranged for large payments of ETMUD funds to himself. ETMUD has been embarrassed by what has occurred with Mr. Vice, and ETMUD has been under scrutiny by state authorities and by the Federal Bureau of Investigation. Ms. Aparicio, as a good and careful office manager and record keeper, was able to research and establish the facts, and expose wrongdoing on the part of Mr. Vice to the FBI. Ms. Aparicio provided proof that Mr. Vice was able to pay himself many thousands of dollars of ETMUD funds prior to his leaving, with the knowledge and acquiescence of the Board of Directors.

20.  Ms. Aparicio's rights as an employee were governed by the ETMUD Employee Policy Manual. The rights and procedures therein were part and parcel of her job, and constituted promises and an implied contract between ETMUD and Ms. Aparicio. The Manual provides for

termination from employment only for cause, as outlined therein. The Manual does provide for potential termination for "failing to obey any lawful and reasonable direction given the employee by the General Manager when such violation or failure to obey amounts to insubordination." There was no direction that Ms. Aparicio failed to obey. At no time was Ms. Aparicio insubordinate. ETMUD did not support its claim with any specific facts establishing that Ms. Aparicio committed any violation which would subject her to termination.

21. Moreover, importantly, at paragraph 6.2 B., the Manual states:

> An employee shall be given written warning with time to improve whenever possible prior to suspension or termination.

The Manual also provides (para. 6.2.B.5.):

> Demotion and termination are the final steps in the disciplinary process and would normally occur only when other disciplinary action has failed to achieve the needed results. The General Manager with approval of the Directors may demote or terminate an employee. Prior to termination, the General Manager shall assure that the employee has been properly counseled in writing concerning any deficiencies, and informed that failure to correct then may result in termination. This policy should in no way prevent the General Manager from taking immediate action when the nature of the offense warrants such action.

Even assuming that Ms. Aparicio did something to warrant discipline, there was no counseling in writing or imposition of disciplinary action to correct the alleged deficiency. The Policy Manual states: "Prior to termination, the General Manager shall assure that the employee has been properly counseled in writing concerning any deficiencies, and informed that failure to correct them may result in termination." There was no time given for improvement, or written warning given of termination if actions were not corrected. The Policy Manual has recommended steps for progressive disciplinary action, including Oral Reprimand, Written Reprimand, Disciplinary Probation, and Suspension. There was no progressive discipline as contemplated by the Policy Manual.

22. Clearly, the Defendant Board members conspired with Mr. Thompson and Mr. Hair to bring about the unlawful termination of Ms. Aparicio. Ms. Aparicio was terminated by the Board arbitrarily and due primarily to retaliation for her complaint about racially discriminatory comments of a supervisor, as well as for her and her family's refusal to give an easement to ETMUD for a sewage line, and for bringing to light wrongdoing over the employment of Mr. Vice.

### V. CAUSE OF ACTION FOR THE VIOLATION OF PLAINTIFF'S RIGHTS TO DUE PROCESS

23. Plaintiffs incorporate herein paragraphs I – IV above and paragraphs VI through XII below as if copied herein verbatim.

24. The Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty or property without due process of law." U.S. Const. Amend IV.

25. The purpose of the Civil Rights Act, now codified in § 1983, was to protect the people from unconstitutional actions performed by state officials under color of state law. Municipalities and other local governmental units are to be included among those persons to whom § 1983 applies. See *Monell v. Department of Social Servs.*, 436 U.S. 658 (1978).

26. The United States Supreme Court has made it clear that the right of continuous use and enjoyment of one's property is a constitutionally protected property interest. See: *Rakas v. Illinois*, 439 U.S. 128, 143 (1978) and *Greene v. Lindsey*, 456 U.S. 444 (1982). Ms. Aparicio has a property right to continued employment at ETMUD barring a legitimate termination for cause as outlined in the Employee Policy Manual. See *Board of Regents v. Roth*, 408 U.S. 564 (1972). Ms. Aparicio has a liberty interest in protecting her reputation, honor and good standing as an employee.

27.     Ms. Aparicio was entitled to notice and a hearing prior to termination. See *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 541, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494, 503 (1985). She did not receive a notice of intent to terminate or a pre-termination hearing.

28.     The actions of the Defendants in terminating the employment of Ms. Aparicio without cause violated her substantive and procedural rights to due process of law, in violation of the U.S. Constitution.

29.     Under Article I, Sec. 19 of the Texas Constitution, Plaintiff has at least equal if not greater due process rights.[1] The provision reads: "No citizen of this State shall be deprived of life, liberty or property, privileges or immunities, or in any manner disenfranchised, except by due course of the law of the land." As stated by the Texas Supreme Court in *Mosley v. Texas Health and Human Services Commission and Texas Department of Family and Protective Services,* No. 17-0345 (Tex. 2019): "The history of this case gives Texans little reason to trust their government agencies, but hopefully the Court's decision today helps to reinforce their trust in the Constitution." (finding a violation of the Plaintiff's right to "due course of the law of the land").

30.     Defendants' actions are an unconstitutional misuse and abuse of power. The bad faith, wrongful actions of Defendants were arbitrary, for ulterior and illegal motives, and without adequate procedures, all in violation of the due course of the law of the land.

### VI.   CAUSE OF ACTION UNDER THE FIFTH AMENDMENT AND FOURTEENTH AMENDMENT

31.     Plaintiffs incorporate herein paragraphs I – V above and paragraphs VII through XII below as if copied herein verbatim.

---

[1] See *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 293 (1982)

32. The Fifth Amendment's Takings Clause provides: "[N]or shall private property be taken for public use without just compensation." U.S. CONST., amend. V. This amendment is made applicable to the States and local governments under the Fourteenth Amendment.

33. The Defendants' illegal actions constitute an unlawful taking of Plaintiffs' property rights in her job, without just compensation.

### VII. CAUSE OF ACTION FOR BAD FAITH, ARBITRARY AND UNEQUAL TREATMENT UNDER THE LAW IN VIOLATION OF THE FOURTEENTH AMENDMENT

34. Plaintiffs incorporate herein paragraphs I – VI above, and paragraph VIII through XII below, as if copied herein verbatim.

35. Bad faith, arbitrary governmental action violates the Due Process Clause. The Supreme Court has held that "the Due Process Clause, like its forebear in the Magna Carta, was 'intended to secure the individual from the arbitrary exercise of the powers of government' . . . to prevent governmental power from being 'used for purposes of oppression.'" *Daniels v. Williams*, 474 U. S. 327, 331 (1986). Here, Defendants have arbitrarily and illegally targeted Plaintiff for termination of her employment, without cause.

36. A constitutional violation is shown when the similarly situated were treated differently, *Bryan v. City of Madison*, 213 F.3d 267, 276 (5th Cir. 2000), and defendants had a discriminatory intent or purpose in providing that differential treatment. *Doe v. Silsbee Indep. Sch. Dist.*, 440 F. App'x 421, 426 (5th Cir. 2011). "[A]n equal protection claim asks whether a justification exists for the differential exercise of that power." *Mikeska v. City of Galveston*, 451 F.3d 376, 381 (5th Cir. 2006). Here, the Defendants have no justification for treating Ms. Aparicio differently than other similarly situated employees.

### VIII.   CAUSE OF ACTION FOR WRONGFUL RETALIATION FOR EQUAL EMPLOYMENT OPPORTUNITY ACTIVITIES OF PLAINTIFF

37.   Plaintiff incorporates herein paragraphs I – VII above, and IX through XII below, as if copied herein verbatim.

38.   42 U.S.C. Sec. 1981 and the Fourteenth Amendment Equal Protection Clause insure that individuals and political subdivisions such as ETMUD shall not discriminate against employees on the account of race or national origin. These rights include the right to be free from retaliation for reporting to her manager potentially discriminatory comments by a supervisor.

39.   Plaintiff's termination from ETMUD without cause was such wrongful retaliation.

### IX.   CAUSE OF ACTION FOR BREACH OF CONTRACT

40.   Plaintiff incorporates herein paragraphs I – VIII above, and X - XII below, as if copied herein verbatim.

41.   Plaintiff's termination from ETMUD without cause, without proper procedures, and without progressive discipline violated the implied contract with Plaintiff that she would not be terminated without cause and would be treated fairly in accordance with the Policy Manual.

42.   Plaintiff seeks reinstatement and back pay, or in the alternative, damages for loss of past and future income and benefits, and for reasonable attorney's fees and costs for said breach of contract.

### X.   RELIEF AND DAMAGES FOR ALL CAUSES OF ACTION

43.   Plaintiff have suffered injuries and damages as a direct result of the wrongful actions of Defendants as set out above. Specifically, Plaintiffs have suffered:

   (1) Mental anguish, worry and harm to her reputation, honor and standing;

   (2) Loss of reputation;

   (3) Loss of her position with ETMUD;

    (4) Loss of wages and benefits, past and future;

    (5) Loss of just compensation for the unlawful taking of her job;

    (6) Such other specific damages as will be shown in court at trial;

    (7) Punitive damages for the wrongful conduct of the individual Defendants; and

    (8) Reasonable attorney fees, expert fees, and costs.

44. Plaintiff seeks reinstatement to her same position and salary with ETMUD, and all back pay and benefits lost.

## XI.   REASONABLE ATTORNEY FEES UNDER 42 U.S.C. SEC. 1988

45. 42 U.S.C. § 1988 allows a court discretion to allow the prevailing party to recover reasonable attorneys' fees as part of the costs. Plaintiffs seek an award of reasonable attorney's fees against Defendants for bringing this action.

## XII. CONDITIONS PRECEDENT

All conditions precedent to recovery have occurred or been performed.

    WHEREFORE, Plaintiff prays that:

    (a)    the Defendants be served and required to answer this suit;

    (b)    the Court enter judgment in favor of Plaintiff and against Defendants, for wrongful termination of employment, back pay and reinstatement with all benefits;

    (c)    the Court award actual and punitive damages in favor of Plaintiff and against Defendants;

    (d)    the Court enter such other relief as requested and/or warranted;

    (e)    that the Court award Plaintiff her reasonable attorney's fees, expert fees, costs of depositions, and other court costs; and

(f)  the Court order such further and other relief as Plaintiff may be entitled to as a matter of equity or law.

Respectfully submitted,

FREEMAN MILLS PC
100 East Ferguson, Suite 606
Tyler, Texas 75702
(903) 592-7755
(903) 592-7787 Fax


/s/ Steven M. Mason
_____
STEVEN M. MASON
State Bar. No. 13158700
smason@freemanmillspc.com
JULIE WRIGHT
State Bar No. 00794883
jwright@freemanmillspc.com